# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

AMBER CLOPTON, )
on behalf of herself and all others )
similarly situated, )
 )
       Plaintiffs, ) Case No. 10-1229-JAR-JPO
 )
v. )
 )
TSS, INC. and )
WILLIAM GRAY, IV, )
 )
       Defendants. )
        )

## MEMORANDUM AND ORDER

Plaintiff, a former employee of defendant TSS, Inc. ("TSS"), brings this collective action on behalf of herself and others similarly situated against defendants alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*.[1] Plaintiff alleges that defendants failed to pay overtime compensation. This matter comes before the Court on plaintiff's Motion for Conditional Certification of Class Claims (Doc. 14). The matter is fully briefed. For the reasons stated in detail below, plaintiff's motion is granted with respect to her request for conditional certification and information, and denied without prejudice with respect to plaintiff's proposed Notice.

**I.**     **Standard**

Plaintiff seeks to conditionally certify her claim brought under the Fair Labor Standards

---

[1] Plaintiff also brings a claim in the alternative under the Kansas Minimum Wage and Maximum Hour Law, K.S.A. § 44-1201 *et seq.*, as well as a state common law claim of retaliatory discharge. These claims are not at issue in this motion for FLSA collective action conditional certification.

Act ("FLSA") as a collective action under 29 U.S.C. § 216(b). An action under the FLSA may be brought "against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."[2] Unlike a class action under Federal Rule of Civil Procedure 23, to participate in an FLSA collective action, all plaintiffs must "give[ ] [their] consent in writing to become such a party," and it must be "filed in the court in which such action is brought."[3]

Before notice is sent to putative plaintiffs to inform them of the pending action, it must be conditionally certified as a collective action. The court may certify an opt-in collective action so long as the aggrieved employees are similarly situated.[4] Section 216(b) does not define "similarly situated." The Tenth Circuit has approved an *ad hoc* case-by-case basis for determining whether employees are "similarly situated" for purposes of § 216(b).[5] This involves a two-step inquiry.[6] The first step occurs at the "notice stage" of the proceedings. Here, the court determines if certification is proper for purposes of sending notice of the action to potential collective action members.[7] At this stage, the court "requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy

---

[2] 29 U.S.C. § 216(b).

[3] *Id.*

[4] *See id.*

[5] *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001).

[6] *Id.* at 1105.

[7] *Id.* at 1102.

or plan."[8] This standard is very lenient and typically results in conditional certification.[9]

After discovery is complete, defendant may file a motion to decertify, and the court then applies a stricter standard to assure that plaintiffs are actually similarly situated.[10] During this second stage, the court reviews a number of factors, including "(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; (3) fairness and procedural considerations; and (4) whether plaintiffs made the filings required [] before instituting suit."[11]

## II. Background

Plaintiff's First Amended Complaint alleges in pertinent part as follows: TSS is a licensed community service provider for people with developmental disabilities. It offers the following services: day services, residential services, targeted case management, and supportive home care. TSS offers residential services through its group homes in which clients can live and get the care they need. At any given time, TSS operates approximately three to four group homes.

TSS employees perform activities in connection with the activities of a public agency, including Sedgwick County Developmental Disability Organization. TSS is also involved with IIINK, LLC ("IIINK"), an ink cartridge recycling company that operates on TSS premises. IIINK was created for the express purpose of growing TSS's Day Services program. IIINK

---

[8]*Id.* (internal alterations omitted); *Gieseke v. First Horizon Home Loan, Corp.*, 408 F. Supp.2d 1164, 1166 (D. Kan. 2006) (citations omitted).

[9]*Thiessen*, 267 F.3d at 1103; *Renfro v. Spartan Computer Servs., Inc.*, 243 F.R.D. 431, 432 (D. Kan. 2007).

[10]*Thiessen*, 267 F.3d at 1102–03.

[11]*Id.* at 1103; *Garcia v. Tyson Foods, Inc.*, No. 06-2198, 2009 WL 352603, at *4 (D. Kan. Feb. 12, 2009).

3

handles and sells goods that have been moved in or produced for commerce by any person.

Plaintiff was employed by TSS as a Residential Companion from September through November 2008, and from May through October 31, 2009. As a Residential Companion, plaintiff worked at one of TSS's group homes that houses individuals with disabilities. Plaintiff's job duties included, among other things: cleaning; washing dishes; dispensing medications; transporting TSS clients for various reasons, including shopping trips; shopping; and bathing the residents. Plaintiff spent more than twenty percent of her total weekly hours performing general household work, such as meal preparation, bed making, washing clothes and other similar services.

Plaintiff's regular rate of pay was $8.00 per hour. Plaintiff routinely worked more than forty hours per week, and defendants failed to pay her any overtime premium for overtime hours. Plaintiff asserts that, as a Residential Companion, she was not exempt from the overtime provisions of the FLSA.

On November 4, 2010, Magistrate Judge O'Hara granted defendants' motion to stay discovery and a ruling on plaintiff's motion for conditional class-certification pending resolution of defendants' motion to dismiss.[12] In denying defendants' motion to dismiss, the Court rejected defendants' position that the definition of "domestic services," which includes the requirement that services be performed in a "private home," does not apply to the companionship services exemption, and that all persons employed by third-parties who provide companionship services are exempt from overtime pay under the FLSA.[13] Instead, the Court determined that the

---

[12](Doc. 27.)

[13](Doc. 31.)

domestic services requirement is not read out of the companionship services exemption, and that plaintiff had adequately plead that the group home she worked in is not a private home.[14] The parties subsequently asked the Court to defer ruling on the pending motion for conditional certification while they engaged in settlement negotiations,[15] but recently advised the Court they have reached an impasse. Thus, the Court proceeds to rule on the instant motion.

## III. Discussion

### A. Conditional Certification

Plaintiff seeks conditional certification on behalf of "all Residential Companions employed by TSS, Inc. at any point during the three-year period prior to the date of certification through the present date who worked more than 40 hours in one or more workweeks during that timeframe."

Plaintiff's motion is before the Court at the notice stage of review. A scheduling order has not yet been entered, a trial date has not been set and the parties have not yet completed discovery.[16] As the parties do not dispute that the present motion is pending before this Court at the first stage, the Court applies a lenient notice-stage analysis, reviewing the allegations in plaintiffs' Complaint and declarations, requiring "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan."[17]

Plaintiff asserts that she is similarly situated to potential opt-in Residential Companion

---

[14]*Id.*

[15](Doc. 36.)

[16]*See Pivonka v. Bd. of County Comm'rs of Johnson County, Kan.*, No. 04-2598-JWL, 2005 WL 1799208, at *2 (D. Kan. July 27, 2005) (applying first-stage analysis even though discovery had been conducted).

[17]*Thiessen*, 267 F.3d at 1102 (quoting *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D. Colo. 1997)).

plaintiffs because they were not domestic service employees since they provided services in company-run group houses, not classified as private homes and, as a result of this misclassification, were denied substantial amounts of overtime pay.  Defendants do not deny that plaintiff and other Residential Companions are similarly situated, but oppose conditional certification on the grounds that plaintiff's motion is premature.  This argument is moot in light of the Court's ruling denying defendants' motion to dismiss.

The Court finds that plaintiff has satisfied the low threshold required to demonstrate at the notice stage that putative class members are similarly situated Residential Companions employed by defendants for purposes of conditional collective action certification under Section 216(b) of the FLSA.  As a result, defendants are directed to provide plaintiff's counsel a list of all putative class members along with their most current contact information as indicated below.

B.      Notice to Putative Plaintiffs

The benefits of a collective action "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate."[18]  Although the court has the power and duty to ensure fair and accurate notice, it should refrain from altering a plaintiff's proposed notice unless doing so is necessary.[19]

Plaintiffs have attached a proposed notice to their motion, to which defendants offer several objections.  Although plaintiff concedes most of defendants' objections, it appears the parties have not yet met and conferred on a mutually agreeable notice to be sent to putative

---

[18] *See id.*

[19] *See Gipson v. Sw. Bell Tel. Co.*, No. 08-2017-EFM, 2009 WL 1044941, at *4 (D. Kan. Apr. 20, 2009) (citations omitted).

6

plaintiffs. Accordingly, with regard to the form and substance of the notice and consent-to-join forms to be sent to putative collective action members, plaintiff's motion is denied without prejudice, to be reasserted after counsel have consulted with one another and attempted to resolve their remaining disputes.[20] The parties should confer and a joint proposed notice and consent-to-join form should be submitted for the Court's review, as directed below. If the parties cannot come to a compromise on specific issues, the Court advises plaintiff to file a motion and defendants to file a response as indicated below. To the extent the parties have taken different positions, they should support their respective positions with case law or examples of notices/consent forms in other cases in this District. The parties are encouraged to reach an agreement.

Finally, plaintiff alleges defendants engaged in this policy and practice willfully, invoking a three year statute of limitations.[21] Under the FLSA, the statute of limitations for each plaintiff runs until the date he or she files a written consent to join the action, unless the limitations period is equitably tolled.[22] Therefore, with regard to putative plaintiffs who will receive notice of this action, the Court applies a three-year statute of limitations period to the putative collective action members, and the Court limits the class to "three years from the date of the Court's order to the present."[23]

---

[20] *See Pivonka v. Bd. of County Comm'rs of Johnson County, Kan.*, No. 04-2598-JWL, 2005 WL 1799208, at *5 (D. Kan. July 27, 2005).

[21] 29 U.S.C. § 255(a); *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 135 (1988) (applying three-year statute of limitations to willful violations of the FLSA, and defining willful as "that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute").

[22] 29 U.S.C. § 256; *In re Am. Family Mut. Ins. Co. v. Overtime Pay Litig.*, No. 06-cv-17430-WYD-CBS, 2009 WL 248677, at *4 (D. Colo. Feb. 3, 2009).

[23] *See Renfro v. Spartan Computer Servs., Inc.*, 243 F.R.D. 431, 435 n.5 (D. Kan. 2007).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Conditional Certification of Class Claims (Doc. 14) is **granted in part and denied in part.** The Court **grants** plaintiff's motion to conditionally certify plaintiff's claims under § 216(b) of the FLSA for the following class of persons:

> All Residential Companions employed by TSS, Inc. at any point during the three-year period prior to the date of certification through the present date who worked more than 40 hours in one or more workweeks during that timeframe.

**IT IS FURTHER ORDERED THAT** plaintiff Amber Clopton and her counsel shall act as class representative and counsel for the class;

**IT IS FURTHER ORDERED THAT** plaintiff's motion to approve plaintiff's form of notice is **denied without prejudice**, to be reasserted after the parties have conferred. The parties shall meet and confer in an attempt to reach an agreement on a proposed notice and consent form to be sent to putative plaintiffs, including a proposed deadline for the potential opt-in plaintiffs to join this action by filing consents with the Court. If agreement is reached, the parties shall submit a joint proposed notice and consent form to the Court for approval within fourteen (14) days of the Court's order. To the extent the parties are unable to reach an agreement on a proposed notice and consent form, plaintiff shall file a motion within fourteen (14) days of the Court's order, to seek approval of the proposed forms, and defendant shall have fourteen (14) days to respond to plaintiff's motion. Defendants may, if necessary, submit an alternative proposed notice and consent form with its response.

**IT IS FURTHER ORDERED THAT** plaintiff's motion requesting a list of all putative plaintiffs within the designated class is **granted.** Defendants shall provide plaintiff's counsel a list of all employees within the defined class along with their most current contact information

within fourteen (14) days of this Court's order.

**IT IS SO ORDERED.**

Dated: April 14, 2011

                                            S/ Julie A. Robinson
                                           JULIE A. ROBINSON
                                           UNITED STATES DISTRICT JUDGE